# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NICHOLAS DEFRIES**, | Case No. 3:21-cv-205-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **UNION PACIFIC RAILROAD COMPANY**, | |
| Defendant. | |

Anthony S. Petru and Gavin Barney, HILDEBRAND MCLEOD & NELSON, 350 Frank H. Ogawa Plaza, 4th Floor, Oakland, California 94612. James H. Kaster and Lucas J. Kaster, NICHOLS KASTER, PLLP, 4700 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402. Of Attorneys for Plaintiff.

William H. Walsh and Connor D. Rowinski, COZEN O'CONNOR, 999 Third Avenue, Suite 1900, Seattle, Washington 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Defendant Union Pacific Railroad Company filed a motion to dismiss Plaintiff Nicholas

DeFries' failure to accommodate a disability claim under the Americans with Disabilities Act

(ADA) as time barred. ECF 13. Plaintiff responded that the statute of limitations on his claim

was tolled during the period of time he was part of a class in a putative class action, which has

since been decertified. *See Quinton Harris et al. v. Union Pac. R.R. Co.*, Case No. 8:16-cv-381

PAGE 1 –ORDER

(D. Neb.). The *Harris* action did not assert a failure to accommodate claim on behalf of the class. On June 4, 2021, U.S. Magistrate Judge Stacie F. Beckerman issued Findings and Recommendations, recommending that the Court grant Defendant's motion and dismiss Plaintiff's failure to accommodate claim. ECF 25.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 30) to which Defendant responded (ECF 33). Plaintiff objects to Judge Beckerman's conclusion that the statute of limitations on Plaintiff's failure to accommodate claim was not tolled for the period of time between his alleged injury

and class decertification in the *Harris* action. Plaintiff argues that Judge Beckerman misapplied applicable Ninth Circuit law to find that a claim that is not identical to the claim brought in the class action is not tolled during the pendency of the class action, under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Instead, Plaintiff argues that any claim that is based on the "same evidence, memories, and witnesses" is tolled, even if it is a cause of action not asserted on behalf of the class in the class action, and that Plaintiff's failure to accommodate claim is based on the same evidence, memories, and witnesses as the disparate treatment claims brought in the *Harris* class action.

Defendant responds that Judge Beckerman was correct that *American Pipe* tolling only applies to claims previously asserted on behalf of the class. Defendant further argues that even if the Court found that the tolling rule applied to claims based on the same "evidence, memories, and witnesses" as the class claims, Plaintiff's failure to accommodate claim would not meet this test. The failure to accommodate claim relates to different actions in a different time period and asks the Court to examine different elements than the disparate treatment and disparate impact claims.

Upon Plaintiff's objection, the Court reviewed Judge Beckerman's finding de novo. The Court ADOPTS Judge Beckerman's finding and recommendation (ECF 25) and GRANTS Defendant's Motion to Dismiss Plaintiff's failure to accommodate claim (ECF 13).

**IT IS SO ORDERED**.

DATED this 15th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge