IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**NICHOLAS DEFRIES**,

    Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY**,

    Defendant.

Case No. 3:21-cv-205-SB

**ORDER**

**Michael H. Simon, District Judge.**

Nicholas DeFries (DeFries) asserts claims of disparate treatment and disparate impact under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, against Union Pacific Railroad Company (Union Pacific). Union Pacific has moved for summary judgment against all claims. United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation on November 23, 2022, recommending that the Court grant Union Pacific's motion for summary judgment because DeFries's claims are time-barred. Judge Beckerman did not reach Union Pacific's other arguments.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

DeFries objected and Union Pacific responded. DeFries argues that his claims are timely because the applicable statute of limitations was tolled.[1] The parties agree that DeFries's claims were tolled while he was a putative class member of a class action lawsuit alleging some of the same claims against Union Pacific. *See Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616 (D. Neb. 2019). The parties dispute whether the named plaintiffs in *Harris* narrowed the scope of the

---

[1] DeFries also contends that the doctrine of equitable estoppel precludes Union Pacific from making certain arguments in support of summary judgment. This contention is raised for the first time at this stage, lacks merit, and is not an objection to the F&R. Accordingly, the Court does not consider it further.

putative class when they moved to certify, thereby removing DeFries from the class and ending the tolling of his claims.

DeFries argues that he was included as a class member in the *Harris* class certification order, not excluded as Union Pacific responds and the F&R concludes. Thus, DeFries contends that his claims were tolled until the Eighth Circuit reversed the district court's class certification order. *See Harris v. Union Pac. R.R. Co.*, 953 F.3d 1030, 1039 (8th Cir. 2020) (reversing the district court's decision to certify the *Harris* class). Union Pacific responds that the *Harris* class action plaintiffs excluded DeFries when they limited the class to employees referred for a "fitness-for-duty" evaluation because of a "reportable health event." *Harris*, 329 F.R.D. at 621. Union Pacific contends that DeFries underwent a fitness evaluation because he failed an examination required by railroad regulations, not due to any reportable health event. According to Union Pacific, DeFries was excluded from the putative *Harris* class well before the Eighth Circuit reversed the District of Nebraska's class certification order. If Union Pacific is correct, this would render DeFries' claims untimely.

DeFries's objection reiterates arguments on these points that he made in his response to Union Pacific's motion for summary judgment, in his sur-reply to Union Pacific's motion for summary judgment, and at oral argument before Judge Beckerman. Union Pacific does likewise in its filings. Judge Beckerman analyzed these arguments at length in recommending that the Court grant summary judgment in favor of Union Pacific.

In his reply in support of his objection to the F&R, DeFries cites two opinions by other district courts in the Ninth Circuit that rejected the same argument that DeFries advances here, under nearly identical fact patterns. *See Donahue v. Union Pac. R.R. Co.*, 2022 WL 4292963, at *4-5 (N.D. Cal. Sept. 16, 2022) (finding that the plaintiffs were not members of the putative

*Harris* class because they "were subject to examinations as a result of the FRA's [Federal Railroad Administration] periodic certification requirements," not reportable health events, and thus the tolling of their ADA claims ceased well before the Eighth Circuit's reversal of *Harris*); *Blankinship v. Union Pac. R.R. Co.*, 2022 WL 4079425, at *5 (D. Ariz. Sept. 6, 2022) (finding that the plaintiff "was subjected to Defendant's color-vision testing procedures not as a result of a reportable health event but, rather, as part of the FRA recertification process" and so "there is no genuine dispute that Blankinship was not included in the class definition set forth in the *Harris* plaintiffs' motion for class certification," and therefore his ADA claims were not tolled beyond the ruling on the class certification motion). In his reply, DeFries cites opinions from two district courts in the Ninth Circuit that he argues conclude the opposite and that he contends are persuasive.

  The cases cited by DeFries are not new. The Court will consider them but find them distinguishable. In the first case, *Campbell v. Union Pac. R.R. Co.*, the district court rejected a motion *in limine* by Union Pacific because the court was "not persuaded that Campbell is not a putative class member" due to the purported absence of a reportable health event. 2021 WL 1341037, at *5 (D. Idaho Apr. 9, 2021). The district court explains that it was uncertain because the plaintiff, Campbell, was required to participate in a fitness-for-duty evaluation due to a supervisor's request. *Id.* Campbell's supervisor requested that evaluation "based on credible information which raises a concern about the employee's ability to safely perform his/her job duties," as allowed by Union Pacific's policies, which the district court considered may constitute a reportable health event. *See id.* Thus, Campbell's circumstances differ from DeFries's, who underwent a fitness-for-duty evaluation solely because he failed the visual acuity test required by the Federal Railroad Administration recertification process.

PAGE 4 – ORDER

The second case also is distinguishable and for the same reason. In *Munoz v. Union Pac. R.R. Co.*, U.S. Magistrate Judge Andrew Hallman recommended denying the defendant's motion for summary judgment and explained that the plaintiff's supervisor referred the plaintiff for a fitness-for-duty evaluation "due to a combination of reports from others and his own observations." 2022 WL 4348605, at *9 (D. Or. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 4329427 (D. Or. Sept. 16, 2022). Indeed, in an earlier opinion, the court in *Munoz* quoted *Campbell* at length and described that case as having a "close factual similarity" to the claims asserted in *Munoz*. *Munoz*, 2021 WL 3622074, at *2 (D. Or. Aug. 16, 2021).

The Court has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which DeFries has objected, as well as DeFries's objection, Union Pacific's response, DeFries's reply, the transcript of oral argument on Union Pacific's summary judgment motion, and the underlying materials filed before Judge Beckerman. The Court agrees with Judge Beckerman's reasoning regarding the untimeliness of DeFries's claims and adopts those portions of the Findings and Recommendation. For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 64, as supplemented. The Court GRANTS Union Pacific's motion for summary judgment, ECF 49.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
